1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

KAREN LEE IRWIN,

Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

Defendant.

CASE NO. 08cv0460 JM(LSP)

ORDER AWARDING ATTORNEY'S
FEES

On March 27, 2009, the court granted in part and denied in part Plaintiff's motion for summary judgment, granted in part and denied in part the Commissioner's motion for summary judgment, and remanded this action to the Commissioner for further consideration of two claims. (Docket No. 20). Plaintiff now seeks attorney's fees under the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not contest Plaintiff's entitlement to attorney's fees under the EAJA. Rather, the Commissioner disputes the quantity of hours for which compensation is being sought. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court awards fees under the EAJA in the amount of $7,208.

## DISCUSSION

Under the EAJA, a prevailing party is entitled to reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). The amount of fees awarded shall be based upon prevailing market rates for the kind

1  and quality of the services provided. Id.  Such fees, however, shall not exceed $125 per hour "unless

2  the court determines that an increase in the cost of living or a special factor, such as the limited

3  availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. §

4  2412(d)(2)(A)(ii).  The Commissioner does not dispute an hourly award of $170.00 per hour,

5  representing the CPI adjusted hourly rate.

6      The only other issue concerns the reasonableness of the requested hours.  The party seeking

7  an award of fees has the burden to demonstrate that the requested hours were appropriate and

8  reasonable.  Hensley, 461 U.S. 424, 437 (1983).  "Where a plaintiff has obtained excellent results, his

9  attorney should recover a fully compensatory fee.  Normally this will encompass all hours *reasonably*

10  expended on the litigation . . . ." Id. at 435 (emphasis added).  Hours that are excessive, redundant,

11  or otherwise unnecessary should be excluded.  Id. at 434.

12      Plaintiff's counsel ("Counsel") declares that she expended 59.9 hours on the instant case,

13  (Decl. of Mary Mitchell, Exh. A), submits a detailed hourly sheet in support of the requested hours

14  and requests an award of $10,183.  In support of her fees, Counsel argues that she obtained the

15  functional equivalent of an "excellent result" because the action has been remanded to the ALJ for

16  further consideration and therefore she should receive full compensation for her time.  (Motion at

17  p.11:25-27).  Counsel further argues that all fees "were all reasonably expended in pursuit of

18  plaintiff's right to judicial review and an EAJA award."  (Motion at p.11:9-10).

19      The court concludes that the total amount of hours requested is not reasonable.  First, while

20  Plaintiff characterizes the results obtained in this case as "excellent," the court notes that Counsel

21  obtained a remand to the ALJ for further consideration.  Whether further consideration of Plaintiff's

22  claims will ultimately result in an award of benefits remains an open question.  This is not the case

23  where Counsel obtained an outright reversal of the ALJ and an award of benefits. While Counsel

24  obtained a satisfactory result, the characterization as "excellent" appears overbroad.  Second, as noted

25  by the Commissioner, numerous courts have awarded fees in routine cases in the amount of 20 to 35

26  hours.  Patterson v. Apfel, 99 F.Supp.2d 1212 n.2 (C.D. Cal.2000) (finding 37.25 hours a reasonable

27  fee award for a non-routine matters); Penrod v. Apfel, 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (28.98

28  hours of time a reasonable fee award; Vanover v. Chater, 946 F.Supp. 744 (E.D. Mo 1996) (noting

that routine social Security cases usually required between 15 and 20 hours).   In keeping with the general practice of awarding attorney's fees in routine cases like the present one, the court concludes that an award in the 40 hour range is appropriate under the circumstances.

Further, analyzing Counsel's time sheets, the court concludes that several hourly entries are not reasonable.  For example, Counsel claims 7.85 hours for time spent conferring with an attorney colleague (1/29/08, 2/1/08, 12/2/08, and 4/14/09).  In light of the relatively routine nature of Plaintiff's claims, the court disallows 6 of these hours.  The court also reduces the time Counsel spent reviewing this court's March 27, 2009 Order from 3.5 hours to 1 hour.  The court also concludes that the time billed for preparing the EAJA fee request, 8.24 hours, is unreasonable.  The court reduces this amount to 2.24 hours.  Similarly, the time spent by Counsel, 4.49 hours, in researching the issue of substantial justification for purposes of an EAJA fee award request appears excessive.  The court reduces this time to 1.49 hours.

In sum, after analyzing Counsel's time sheet, the court reduces the requested hours from 59.9 to 42.4 hours, representing a reduction of 17.5 hours, as identified above.  Accordingly, the court awards attorney's fees in the amount of $7,208.

**IT IS SO ORDERED.**

DATED:  February 16, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties